IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARE ONE AT MERCER, LLC d/b/a CARE ONE AT EWING, CARE ONE MANAGEMENT, LLC, CARE ONE, LLC, DES HOLDING CO., INC., and DES-C 2009 GRAT,<br><br>Plaintiff(s),<br><br>vs.<br><br>SHAWN MORELAND, Administrator Ad Prosequendum for Sheila Moreland,<br><br>Defendant. | **CIVIL ACTION NO. 3:18-cv-497** |

**COMPLAINT TO COMPEL ARBITRATION**

Plaintiffs, Care One at Mercer, LLC d/b/a Care One at Ewing, Care One Management, LLC, Care One, LLC, DES Holding Co., Inc., and DES-C 2009 GRAT, by and through the undersigned counsel, file this Complaint to compel arbitration in accordance with the arbitration agreement between the parties. In support thereof, Plaintiffs state as follows:

**PARTIES**

1. Plaintiff, Care One at Mercer, LLC d/b/a Care One at Ewing was a New Jersey limited liability company with its principal place of business formerly at 1201 Parkway Avenue, Ewing, New Jersey 08628.

2. The sole member of Care One at Mercer, LLC was Care One, LLC.

3. Plaintiff, Care One, LLC is a New Jersey limited liability company with its principal place of business at 173 Bridge Plaza North, Fort Lee, New Jersey 07024.

4. The members of Care One, LLC are individuals who are citizens of New Jersey, New York, Rhode Island, and Illinois, the Joel Jaffe Family Trust, DES Holding Co., Inc., and DES-C 2009 GRAT.

5. Plaintiff, DES Holding Co., Inc. is a New Jersey corporation with its principal place of business at 173 Bridge Plaza North, Fort Lee, New Jersey 07024.

6. Plaintiff, DES-C 2009 Grat is a single-member trust. The trustees are individuals who are residents of the State of New Jersey.

7. The Joel Jaffe Family Trust is a single-member trust. The trustee is an individual who is a resident of the State of New Jersey.

8. Plaintiff, Care One Management, LLC, is a New Jersey limited liability company with its principal place of business at 173 Bridge Plaza North, Fort Lee, New Jersey 07024.

9. The sole member of Care One Management, LLC, is Care One, LLC.

10. Defendant, Shawn Moreland as Administrator Ad Prosequendum for Sheila Moreland, is an individual residing at 721 Deerwood Street, Apt. G, in Columbia, South Carolina.

**JURISDICTION**

11. This Court has jurisdiction over the subject matter of this action and over the parties hereto pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**VENUE**

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts or omissions giving rise to the claims and anticipated defenses in this matter occurred in this district.

**FACTUAL BACKGROUND**

**A. The Arbitration Agreement**

13. On February 13 2015, Sheila Moreland completed Admissions Paperwork in connection with her admission to Care One at Mercer, LLC d/b/a Care One at Ewing, ("the Center"), a licensed skilled-nursing facility in the State of New Jersey. See **Exhibit "A."**

14. The Admissions Paperwork completed by Ms. Moreland contained an Arbitration Agreement ("Agreement"). See **Exhibit "A"** at pg. 18. The Agreement provided:

> **ARTICLE XV**
> **DISPUTE RESOLUTION AND ARBITRATION**
>
> ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT AND BROUGHT BY THE RESIDENT, HIS/HER PERSONAL REPRESENTATIVE, HEIRS, ATTORNEYS OR THE RESPONSIBLE PARTY SHALL BE SUBMITTED TO BINDING ARBITRATION BY A SINGLE ARBITRATOR SELECTED AND ADMINISTERED PURSUANT TO THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION. A CLAIM SHALL BE WAIVED AND FOREVER BARRED IF, ON THE DATE THE DEMAND FOR ARBITRATION IS RECEIVED, THE CLAIM (IF ASSERTED IN A CIVIL ACTION) WOULD BE BARRED BY THE APPLICABLE STATE OR FEDERAL STATUTE OF LIMITATIONS. ANY CLAIMANT CONTEMPLATED BY THIS PARAGRAPH HEREBY WAIVES ANY AND ALL RIGHTS TO BRING ANY SUCH CLAIM OR CONTROVERSY IN ANY MANNER NOT EXPRESSLY SET FORTH IN THIS PARAGRAPH, INCLUDING, BUT NOT LIMITED TO, THE RIGHT TO A JURY TRIAL.

See **Exhibit "A"** at pg. 18 (bold and capitalization in original).

15. The Agreement states, in clear and unambiguous language, that "any controversy or claim arising out of or relating to this agreement … shall be submitted to binding arbitration … and administered pursuant to the Commercial Arbitration Rules of the American Arbitration Association." See **Exhibit "B"** at pg. 18.

16. The Commercial Arbitration Rules ("Rules") of the American Arbitration Association ("AAA") provide, in pertinent part, that:

> The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the validity of any claim or counterclaim.

See **Exhibit "B"** at pg. 13, R-7(a).

17. Ms. Moreland signed her initials in the space below the Agreement. See **Exhibit "A"** at pg. 18.

18. On page twenty-two (22) of the Admissions Paperwork, immediately above the signature line, the Admissions Paperwork states:

> **I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THIS AGREEMENT BINDING ALL RESIDENT PARTIES (i.e., Resident, Resident's Estate, and Responsible Party) AND THE FACILITY TO THE TERMS HEREIN.**
> **I HEREBY CERTIFY THAT I HAVE THE ABILITY AND AUTHORITY TO SIGN THIS AGREEMENT AND AM WILLING TO PROVIDE PROOF OF SUCH AUTHORITY.**
> **I ALSO ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT AND TO CONSULT WITH LEGAL COUNSEL.**

See **Exhibit "A"** at pg. 22.

19. Ms. Moreland signed her name immediately below this language in the space designated for the "Resident's signature[.]" Id.

**B. The State Court Action initiated by Shawn Moreland in his capacity as Administrator Ad Prosequendum.**

20. Defendant on or about December 9, 2016. The action was captioned Estate of Sheila Moreland, by her Administrator Ad Prosequendum, Shawn Moreland v. Care One at Mercer-Bucks, et al., Docket No.: MER-L-2437-16 ("State Court Action"). See **Exhibit "C."**

21. Defendant commenced the State Court Action notwithstanding the existence of the valid and enforceable Agreement which contractually required Defendant to resolve all disputes arising out of Ms. Moreland's admission to the Center at any through arbitration. See **Exhibit "A."**

22. The American Arbitration Association was available to handle and/or administer the parties/ dispute. See **Exhibit "D."**

**CAUSE OF ACTION TO COMPEL ARBITRATION**

23. Plaintiffs hereby incorporate by reference the allegations in the preceding paragraphs of this Complaint.

24. The Federal Arbitration Act ("FAA") mandates arbitration of the claims set forth by Defendants in the State Court Action.

25. Specifically, Section 2 of the FAA states, in relevant part:

> A written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy

> thereafter arising out of such contract or transaction, or the refusal to perform the whole or any party thereof … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

26. There can be no doubt that nursing home arbitration agreement "involves" interstate commerce and this matter has been conclusively settled under both federal and state law.

27. Section 4 of the FAA states, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. … The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

28. Section 3 of the FAA requires a federal court to stay a corresponding state court action once it determines that the dispute falls within the scope of a valid arbitration agreement.

29. Section 3 states, in relevant part:

> If any suit or proceeding in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]

9. U.S.C. § 3.

30. Defendant is bound by the Agreement to arbitrate all disputes, including without limitation, any disputes about the making, validity, enforceability, scope, interpretation, voidability, unconscionability, preemption, severability and/or waiver of the Agreement.

31. Plaintiffs therefore assert that Defendant is contractually obligated to arbitrate, pursuant to the FAA and New Jersey Law, and Plaintiffs are entitled to the enforcement of the enforcement of the Agreement.

WHEREFORE, for all of the foregoing reasons, as more fully set forth in the accompanying motion to compel arbitration and supporting brief, Plaintiffs respectfully request a judgment ordering Defendant to arbitrate their dispute, staying the proceedings in the State Court Action, and marking the instant matter administratively closed pending the conclusion of the arbitration of Defendants' claims.

**BUCHANAN INGERSOLL & ROONEY, PC**
Attorneys for Defendant

By: /s/ Eric D. Heicklen
David L. Gordon, Esq.
Eric D. Heicklen, Esq.
Shane P. Simon, Esq.
david.gordon@bipc.com
eric.heicklen@bipc.com
shane.simon@bipc.com
Attorneys for Plaintiffs

**Dated:** January 12, 2018