UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARE ONE AT MERCER, LLC, *et al.*, | |
| *Plaintiffs*, | Civil Action No: |
| v. | 18-cv-497 (PGS)(LHG) |
| SHAWN MORELAND, *Administrator Ad Prosequendum for Sheila Moreland*, | **MEMORANDUM AND ORDER** |
| *Defendant* | |

### BACKGROUND

This diversity case comes before the Court pursuant to 28 U.S.C. § 1332, wherein Plaintiffs seek to compel arbitration of Defendant Shawn Moreland's state lawsuit, which alleges nursing malpractice and the wrongful death of her mother, Decedent Sheila Moreland. (ECF No. 2). Defendant Shawn Moreland cross-moves for dismissal pursuant Federal Rule of Civil Procedure 12(b)(1), since the Court lacks diversity jurisdiction. (ECF No. 7).

The Court limits its discussion to the pertinent jurisdictional facts. Both Decedent and all Plaintiffs are citizens of New Jersey. (Complaint at ¶¶ 1-11). Decedent's daughter and administrator ad prosequendum, Defendant Moreland, is a South Carolina resident. (*Id.* at ¶ 10). As such, in their Complaint, Plaintiffs assert that diversity jurisdiction exists since Plaintiffs and Defendant Moreland are citizens of different states and the amount in controversy exceeds $75,000. (*Id.* at ¶ 11). For the reasons discussed herein, the Court grants Defendant Moreland's motion to dismiss since diversity jurisdiction is lacking.

1

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), a defendant may move to dismiss a claim for lack of jurisdiction over the subject matter at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) (citing Fed. R. Civ. P. 12(b)(1)). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, No. 07-1797, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007) (citing *Cardio-Medic. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)). "One basis of original jurisdiction is diversity jurisdiction or jurisdiction over civil actions between 'citizens of different States' where 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 561 (D.N.J. 2000) (quoting 28 U.S.C. § 1332(a)). Where "complete diversity" is lacking between each plaintiff and each defendant, removal is improper. *Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 752 (D.N.J. 2005).

## ANALYSIS

Here, Defendant Moreland contends that the Court lacks subject matter jurisdiction since, as the legal representative of Decedent's estate, she is deemed a New Jersey citizen under 28 U.S.C. § 1332(c)(2); as such, complete diversity is lacking. Plaintiffs respond, contending that an administrator ad prosequendum is not a legal representative for purposes of Section 1332(c)(2) and, as such, complete diversity exists.

For diversity purposes, the representative of the estate of a decedent is deemed to acquire the citizenship of the decedent at the time of the decedent's death. 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *see also Golden v. Golden*, 382 F.3d 348, 352 n.1 (3d Cir. 2004) ("In diversity actions involving estates, the courts look to the citizenship of the decedent to determine jurisdiction."). As part of the Judicial Improvements Act of 1988, Public Law No. 100-702, 102 Stat. 4646 (1988), Section 1332(c)(2) was enacted in response to forum shopping tactics wherein out-of-state fiduciaries would be appointed representative of the decedent's estate for purposes of manufacturing diversity. *See Liu v. Westchester Cnty. Med. Ctr.*, 837 F. Supp. 82, 83 (S.D.N.Y. 1993) ("The intent of the 1988 amendment was to avoid permitting the residency of fiduciaries for decedents to affect diversity jurisdiction.").

District courts are divided on whether the term "legal representative" under Section 1332(c)(2) encompasses wrongful death plaintiffs and, if so, to what extent. *See Webb v. Banquer*, 19 F. Supp. 2d 649, 651 (S.D. Miss. 1998); *see also* Heather N. Hormel, *Domicile for the Dead: Diversity Jurisdiction in Wrongful Death Actions*, 2001 U. Chi. Legal. F. 519, 520 (2001). Several district courts have held that Section 1332(c)(2) applies to a wrongful death plaintiff and, therefore, the representative bringing suit is deemed a citizen of the same state as the decedent. *See Thomas v. Brooks Run Mining Co., LLC*, 504 F. Supp. 2d 121, 127 (S.D. W.Va. 2007); *Clarke v. District of Columbia*, No. 06-0623, 2007 U.S. Dist. LEXIS 34128, at *5-7 (D.D.C. May 9, 2007); *James v. Three Notch Med. Ctr.*, 966 F. Supp. 1112 (M.D. Ala. 1997); *Liu*, 837 F. Supp. at 83. In *Liu*, the Southern District of New York reasoned:

> Wrongful death actions are brought by fiduciary nominal plaintiffs seeking to recompense beneficiaries, in the generic as well as often in the testamentary sense, of the decedent. Nominal plaintiffs bringing wrongful death suits are thus

"representatives" of an "estate" of the decedent, although defined by wrongful death statutes and decisions rather than by testamentary instruments.

837 F. Supp. at 83. However, the Eighth and Tenth Circuits have read Section 1332(c)(2) more narrowly and found that it does not apply to "a person appointed pursuant to statute with authority to bring a wrongful death action" if the estate does not stand to benefit from the suit. *Tank v. Chronister*, 160 F.3d 597, 599 (10th Cir. 1998); *see also Steinlage ex rel. Smith v. Mayo Clinic Rochester*, 435 F.3d 913, 917-18 (8th Cir. 2006). In any event, when determining whether Section 1332(c)(2) applies, courts focus on the language of the wrongful death statute at issue. *See James*, 966 F. Supp. at 1116; *Liu*, 837 F. Supp. at 83-84.

Under New Jersey's Wrongful Death Statute, a wrongful death suit can only be brought by an administrator ad prosequendum. N.J.S.A. § 2A:31-2. In addition, the statute states:

> When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime.

N.J.S.A. § 2A:31-1. In New Jersey, an administrator ad prosequendum is "an agent authorized to bring the suit for the benefit of those individuals specified by the Legislature." *Germann v. Matriss*, 260 A.2d 825, 835 (N.J. 1970). Consistent with *Thomas* and *Liu*, the Court finds that the representative capacity that an administrator ad prosequendums serves, under New Jersey's Wrongful Death Statute, places it within Section 1332(c)(2) coverage. *See Thomas*, 504 F. Supp. 2d at 127; *Liu*, 837 F. Supp. at 83. Guided by the plain language of Section 1332(c)(2), the Court finds that an administrator ad prosequendum under New Jersey's Wrongful Death suit is deemed a citizen of the same state as the decedent. As such, since Defendant Moreland is deemed a New

Jersey resident, complete diversity does not exist; therefore, the Court does not have subject matter jurisdiction over this action.

It is worth briefly noting that the Court is unpersuaded by Plaintiffs' reliance on *Tank*, 160 F.3d at 599, and *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166 (7th Cir. 1992), in support of their contention that a wrongful death representative is not a representative of decedent. *Tank*, 160 F.3d at 599, was based on a Kansas wrongful death statute, where only the decedent's heirs-at-law may bring a wrongful death action. *Id.* (citing Kan. Stat. Ann. § 60-1902). Similarly, in *Milam* the Seventh Circuit was deciding a wrongful death action under the "oddity of Louisiana law," which "apparently does not regard a decedent's estate as an entity on behalf of which a lawsuit can be brought." 972 F.2d at 168 (citing La. Civ. Code. Art. 2315.1). As noted above, both wrongful death statutes are starkly different from New Jersey's and, therefore, offer little guidance. Instead, the Court finds the present statute more akin to the wrongful death statutes in *Thomas* and *James*, both of which require the appointment of a representative, who is not necessarily an heir to the decedent, to represent the estate in the wrongful death action. *See Thomas*, 504 F. Supp. 2d at 127; *James* 966 F. Supp. at 1116. More importantly, as the Court in *Thomas* acknowledged:

> Because the personal representative in a West Virginia wrongful death suit does not need to be a beneficiary of the suit, it would be easy to manufacture diversity by appointing a personal representative from a different state than the decedent and defendant. By contrast, the citizenship of the decedent is a non-manipulable fact

*Id.* at 128. As such, because Defendant Moreland initiated this wrongful death action as an administrator ad prosequendum of Decedent's estate, she is deemed to be a citizen of New Jersey. For the reasons discussed, the Court finds that it lacks federal jurisdiction over this matter and, therefore, grants Defendant Moreland's motion to dismiss.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 25 day of May, 2018,

ORDERED that Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**; and it is further

ORDERED that Plaintiffs' Motion to Compel Arbitration (ECF No. 2) is **DENIED**, as this Court lacks jurisdiction to entertain the motion; and it is further

ORDERED that the Clerk is directed to close the case.

/s/ Peter G. Sheridan

PETER G. SHERIDAN, U.S.D.J.